UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY COOPER, | No. 2:16-cv-1020 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMADOR SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of mandamus pursuant to 28 U.S.C. § 1651.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee.  See 28 U.S.C. §§ 1914(a); 1915(a).  However, the court will not assess a filing fee at this time.  Instead, the undersigned will recommend summary dismissal of the petition.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke

1

1    v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
2    1984).
3        In his petition, petitioner seeks a writ of mandamus ordering the state appellate and
4    supreme courts to (1) publish the opinions denying his state court petitions for writ of mandate,[1]
5    (2) reverse their orders denying his writ of mandate, and (3) reinstate his writ of mandate and
6    permit him "to properly prosecute this 'Criminal Case.'" ECF No. 1 at 16-17.
7        "The federal courts are without power to issue writs of mandamus to direct state courts or
8    their judicial officers in the performance of their duties." Clark v. State of Washington, 366 F.2d
9    678, 681 (1966) (citations omitted); Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d
10   1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state
11   court."). Petitions which seek "to obtain a writ in this court to compel a state court to take or
12   refrain from some action . . . are frivolous as a matter of law." Demos, 925 F.2d at 1161-62.
13   Accordingly, the instant petition is frivolous and must be dismissed. Moreover, no degree of
14   amendment would grant this court jurisdiction over the state courts and no leave to amend should
15   be granted. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny
16   leave to amend when amendment would be futile.").
17       Based on petitioner's allegations and the attachments to the petition, it appears that the
18   claims underlying the state petitions for a writ of mandate, which he asserts were improperly
19   converted into petitions for writ of habeas corpus, may have been related to a prison disciplinary
20   ruling. ECF No. 1 at 5-6, 31-32, 34. If petitioner wants to bring claims directly related to his
21   prison disciplinary ruling in this court, he will need to file a separate petition for writ of habeas
22   corpus or a civil complaint under 42 U.S.C. § 1983. Petitioner is advised that in Nettles v.
23   Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), the Ninth Circuit recently addressed the issue of
24   whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction

---

[1] The petition and attachments indicate that petitioner has received copies of the orders denying his state court petitions for writ of mandate, but that petitioner believes these orders to be deficient. ECF No. 1 at 6-9, 20, 31-32, 34-35, 37-38. It appears petitioner is under the impression that ordering the state courts to publish their opinions will require them to issue lengthier opinions. Id.

when it will not necessarily impact the fact or duration of an inmate's confinement.  The Ninth Circuit held that if success on the merits of a petitioner's challenged disciplinary proceeding would not *necessarily* impact the fact or duration of his confinement, his claim would not fall within "the core of habeas corpus," and that, unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus. Id. at 934-35.  The court takes no position as to whether a petition for writ of habeas corpus or a civil rights complaint would be appropriate or successful.

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of mandamus be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE